IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID WILLIAMS                                                                                    PLAINTIFF

vs.                                         Civil No. 6:15-cv-06010

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

David Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on August 25, 2010. (Tr. 11). Plaintiff alleges being disabled due to bipolar disorder, mood disorder, and seizures. (Tr. 261). Plaintiff alleges an onset date of July 1, 2009. (Tr. 11, 231, 237). These applications were denied initially and again upon reconsideration. (Tr. 11). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 89-91).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

This hearing was held on June 3, 2013 in Little Rock, Arkansas. (Tr. 41-67). Plaintiff was present at this hearing and was represented by Michael Angel. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* During this administrative hearing, Plaintiff testified he was forty-three (43) years old. (Tr. 46). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). Plaintiff also testified he had a GED. (Tr. 46).

On September 24, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI and DIB. (Tr. 11-28). In this decision, the ALJ determined Plaintiff met the insured status of the Act through September 30, 2010. (Tr. 13, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2009, his alleged onset date. (Tr. 14, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: low back pain, joint pain, seizure disorder, bipolar disorder, and polysubstance abuse disorder. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

The ALJ determined Plaintiff, without the substance abuse, had the RFC to carry, push, or pull up to 25 pounds frequently and 50 pounds occasionally; and sit, stand, or walk up to six hours in an eight-hour workday with a sit/stand option of standing at 90-minute intervals and sitting for 10-20 minute intervals. (Tr. 24, Finding 14). Due to Plaintiff's seizure disorder, the ALJ included environmental RFC restrictions of no exposure to hazards such as moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals. *Id.* From a mental

perspective, the ALJ determined Plaintiff should not deal with the general public, but could understand, remember, and carry out simple job instructions; make judgments in simple work-related situations; respond appropriately to minor changes in the usual work routine; and respond appropriately to coworkers or supervisors with occasional incidental contact that is not necessary to perform the work.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined without the substance abuse, Plaintiff was unable of performing his PRW. (Tr. 27, Finding 15).  The ALJ then considered whether Plaintiff, without the substance abuse,  would be able to perform other work existing in significant numbers in the national economy. (Tr. 27, Finding 17).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified that person could perform the requirements of representative occupations such as a factory work inspector with approximately 1,500 such jobs in Arkansas and 400,000 such jobs in the nation and sorter with approximately 1,200 such jobs in Arkansas and 140,000 such jobs in the nation. (Tr. 27-28).  The ALJ then found Plaintiff's polysubstance abuse disorder was a contributing material factor, and Plaintiff was not disabled under the Act during the relevant period from July 1, 2009, to September 24, 2013. (Tr. 28, Finding 18).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-7).  The Appeals Council denied this request for review on November 6, 2012. (Tr. 1-4).  On February 6, 2015, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 16, 2015.  ECF No. 8.  Both Parties have filed appeal briefs. ECF Nos. 12, 13.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 12 at 9-13. Specifically, Plaintiff claims the ALJ erred in failing to fully evaluate the Global Assessment of Functioning ("GAF") scores of Plaintiff. *Id.* The Court has considered Plaintiff's arguments and agrees the ALJ erred by failing to fully evaluate Plaintiff's GAF scores and, this Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders*

5

*(DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was treated at Levi Hospital in 2011 and 2012 for mood disorder, borderline personality traits and bipolar disorder. (Tr. 553-556, 563-566). During that time, Plaintiff was assessed as having the following GAF scores:

- July 28, 2011    GAF of 25    (Tr. 553)
- July 1, 2011    GAF of 50    (Tr. 555)
- March 12, 2012    GAF of 13    (Tr. 563)
- March 16, 2012    GAF of 46    (Tr. 565)

Further, there were several GAF scores from 2008 that ranged from a low of 25 to a high of 49. (Tr. 433, 437, 446, 448, 452, 457, 466-467, 476, 478). Although these scores pre-date the alleged onset date, they still have some relevance in determining Plaintiff's RFC.

Even though Plaintiff was assessed as having these low scores, the ALJ briefly referenced some, but did not fully consider these scores in his opinion. (Tr. 17-21). This was reversible error. *See, e.g., Conklin,* 360 F. App'x. at 707. Accordingly, because the ALJ was required to evaluate these scores and provide reasons for discounting them but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of December 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE